L. TIMOTHY FISHER (CA SBN 191626)
ltfisher@bursor.com
JULIA A. LUSTER (CA SBN 295031)
jluster@bursor.com
BURSOR & FISHER
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

SCOTT A. BURSOR (CA SBN 276006)
scott@bursor.com
BURSOR & FISHER
888 Seventh Avenue
New York, NY 10019
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

***Attorneys for Plaintiffs***
**TAMARA FIELDS, et al.**

SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Telephone: (202) 663-6800
Facsimile: (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Defendant***
**TWITTER, INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

TAMARA FIELDS, et al.,

Plaintiffs,

v.

TWITTER, INC.,

Defendant.

Case No. 3:16-cv-00213-WHO

**JOINT STATEMENT REGARDING DEFENDANT'S REQUEST FOR STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

Judge: Hon. William H. Orrick

As directed by this Court's Standing Order for Civil Cases, the parties submit the following five-page joint statement regarding their dispute over whether all discovery should be stayed pending resolution of Defendant's motion to dismiss Plaintiffs' amended complaint.

**Nature of Dispute and Certification of Conferral Requirement**

On January 13, 2016, Plaintiff Fields filed an initial complaint, alleging that Defendant Twitter is liable for treble damages under 18 U.S.C. § 2333(a), for knowingly providing the designated terrorist group ISIS with material support. On March 10, 2016, Twitter moved to dismiss the complaint pursuant to Rule 12(b)(6) on the grounds that (1) Plaintiff's claims are barred by Section 230 of the Telecommunications Act of 1996, 47 U.S.C. § 230 ("Section 230"), and (2) the complaint failed to satisfy two essential elements of a claim for relief under 18 U.S.C. § 2333(a). An amended complaint was filed on March 24, 2016, adding three plaintiffs.

The parties commenced a conference pursuant to Fed. R. Civ. P. 26(f) on March 16, 2010, and completed the conference on March 28, 2016, after the amended complaint was filed. During the conference, Defendant requested that Plaintiffs stipulate to a stay of discovery pending resolution of Defendant's forthcoming renewed motion to dismiss. Plaintiffs rejected this request. Immediately following completion of the Rule 26(f) conference, Plaintiffs served their first sets of interrogatories and requests for production (attached as Exhibits A and B). Despite negotiation efforts, the parties are at an impasse and therefore submit this statement.

**Twitter's Position**

Section 230 requires this Court to stay discovery pending resolution of Twitter's motion to dismiss. As the Ninth Circuit, sitting *en banc*, has cautioned, courts "must keep firmly in mind that [Section 230] is an *immunity* statute," meaning that it protects entities like Twitter "not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council v. Roommates.com*, 521 F.3d 1157, 1174-1175 (9th Cir. 2008) (emphasis added); *see also* 47 U.S.C. § 230(e)(3) ("*No cause of action may be brought* and no liability may be imposed under any State or local law that is inconsistent with this section.") (emphasis added); *Jones v. Dirty World Entm't Recordings*, 755 F.3d 398, 417 (6th Cir. 2014) (Section 230 "is an

*immunity from suit* rather than a mere defense to liability"); *Nemet Chevrolet v. Consumeraffairs.com*, 591 F.3d 250, 254 (4th Cir. 2009) (same).[1]

Needlessly subjecting Twitter to the burdens of litigation, including discovery, would defeat the important policies advanced by Section 230 immunity—namely, Congress's goals of preserving "unfettered. . . free speech on the Internet" and encouraging Internet service providers to self-police their platforms for unlawful and offensive content. *Batzel v. Smith*, 333 F.3d 1018, 1027-1028 (9th Cir. 2003); *see also Jones*, 755 F.3d at 417 (Section 230 immunity should attach at earliest possible point in litigation "[g]iven the role [Section 230] plays in an open and robust internet by preventing the speech-chilling threat of the heckler's veto"); *Ben Ezra, Weinstein, & Co. v. Am. Online*, 1998 WL 896459, at *2 (D.N.M. July 16, 1998) ("Congressional policy considerations" in Section 230, like those in 42 U.S.C. § 1983 context, require "immunity from the burdens of litigation"). Whenever Section 230's broad protections apply, then, the statute "'precludes courts from *entertaining*'" the impermissible claim. *Zeran v. Am. Online*, 129 F.3d 327, 330 (4th Cir. 1997) (emphasis added); *accord Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (Section 230 "*bars 'lawsuits* seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions'") (emphasis added).

For these reasons, courts have routinely stayed discovery pending the resolution of a Section 230-based dispositive motion. *See, e.g.*, *Universal Commc'n Sys. v. Lycos, Inc.*, 478 F.3d 413, 425 (1st Cir. 2007) (affirming stay of all discovery); *Noah v. AOL Time Warner, Inc.*, No. 02-cv-1316 (E.D. Va.) (unpublished order of May 7, 2003 staying all discovery); *Ben Ezra, Weinstein, & Co. v. Am. Online*, No. 97-485 (unpublished order of Feb. 3, 1999) (denying further discovery beyond that necessary to determine whether allegedly harmful content originated with third party rather than AOL because Section 230 "affords interactive service providers" a "congressionally mandated special immunity" that "free[s]" online service providers "from the

[1] Plaintiffs cite *Barnes v. Yahoo!*, 570 F.3d 1096 (9th Cir. 2009), but that case addresses only the nature of the claims barred by Section 230, not the scope of protection that Section 230 affords when it applies. *Barnes* does not—and could not—cast doubt on the *en banc* Court's recognition in *Roommates* that when Section 230 applies, it protects entities like Twitter "not merely from ultimate liability, but from having to fight costly and protracted legal battles." 521 F.3d at 1175.

burdens of discovery"), *aff'd*, 206 F.3d 980, 987 (10th Cir. 2000); *Blumenthal v. Drudge*, No. 97-cv-01968 (unpublished order of Nov. 28, 1997 staying all discovery). Likewise here, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (explaining that discovery should be stayed pending resolution of analogous qualified immunity defense).[2]

In any event, even if this Court disagrees (or is uncertain) that Section 230 *requires* a stay in these circumstances, district courts always "have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). A stay is appropriate when, as here, a pending motion "is potentially dispositive of the entire case" and "can be decided absent discovery." *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014). Because both of Twitter's grounds for dismissal—Section 230 immunity and failure to state a claim under 18 U.S.C. § 2333(a)—satisfy these requirements, the "'sounder practice'" is to resolve Twitter's motion to dismiss "'before forcing the parties to undergo the expense of discovery,'" *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 568 (N.D. Cal. 2013) (quoting *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

**Plaintiffs' Position**

The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery"). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for

---

[2] Plaintiffs identify no authority to the contrary. Far from supporting Plaintiffs' position, *Energy Automation Systems, Inc. v. Xcentric Ventures LLC* confirms that discovery is appropriate only when necessary to resolve a *factual* question about whether Section 230 immunity applies. *See* 2007 WL 1557202, at *14 (M.D. Tenn. May 25, 2007) (rejecting novel argument that Section 230 deprived court of personal jurisdiction over defendant and recognizing that discovery was essential to the "factual determination" of whether defendant "participate[d] in the creation of the alleged content" and thus to the determination of whether Section 230 applied).

expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). For this reason, "courts have not looked favorably upon granting a blanket stay of discovery pending resolution of a challenge to the legal sufficiency of a plaintiff's complaint." *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). And a stay of discovery is only warranted when the party seeking the stay makes a "strong showing" of "good cause" for its request. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); Fed. R. Civ. P. 26(c)(1). "The moving party must [also] show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Gray*, 133 F.R.D. at 40.

Defendant argues that it is entitled to a stay of discovery in this action because the Communications Decency Act, 47 U.S.C. § 230 ("CDA") grants it immunity. However, for reasons that Plaintiffs will set out fully in their opposition to Defendant's forthcoming motion to dismiss, the CDA is not a defense to the claims at issue in this matter. A stay of discovery pending a decision on a motion to dismiss is only warranted upon "a clear and convincing showing that [the moving party] will prevail on its motion." *Seven Springs Ltd. v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *4 (E.D. Cal. Apr. 18, 2007). Defendant has made no such showing. For this reason alone, Defendant's request for a stay of discovery should be denied.

In addition, the CDA does not grant Defendant "immunity." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009) ("Looking at the text, it appears clear that neither this subsection nor any other declares a general immunity from liability deriving from third-party content."). In fact, "Subsection (c)(1) does not mention 'immunity' or any synonym." *Id.* (quoting *Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 669 (7th Cir. 2008)). Regardless, to the extent that the CDA creates a bar to liability in some instances, [t]he distinction between statutory immunity from liability and immunity from suit—that is, immunity from being hailed into federal court at all—is an important one." *Energy Automation Sys., Inc. v. Xcentric Ventures, LLC*, 2007 WL 1557202, at *12 (M.D. Tenn. May 25, 2007) (lifting a stay on discovery because "the court has found that the defendants' arguments—concerning 'immunity' under the CDA—go to the merits of the plaintiffs' claims, and not to jurisdiction").

Accordingly, even if Defendant can successfully assert a defense in this case under the CDA—

and it cannot—that statute is not a bar to subject matter jurisdiction.[3] Nor does it support Defendant's contention that it need not respond to discovery requests or, as Defendant has also asserted, that it need not make initial disclosures pursuant to Fed. R. Civ. P. 26.

A stay pending resolution of the motion to dismiss is likewise unnecessary as Defendant has made no effort to demonstrate that responding to the discovery is unduly burdensome or beyond the ordinary demands of litigation that any party must normally face. *See* Feb. 17, 2016 Order Denying Motion To Stay (ECF No. 34), *Morris v. SolarCity Corp.*, 3:15-cv-05107-RS (Defendant "has not advanced a basis for distinguishing this case from the vast majority of those in which defendants contend plaintiffs have not stated a claim and have little chance of ever doing so. Yet, other than in actions governed by the Private Securities Litigation Reform Act, the general rule is that the pendency of a motion to dismiss does not stay discovery."). On the other hand, Plaintiffs will be significantly prejudiced by a stay. *Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (recognizing that unnecessary delay inherently increases the risk that "witnesses' memories will fade and evidence will become stale"); *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("Plaintiffs argue persuasively that they would suffer prejudice from a stay because . . . [it would] increase the risk that evidence will dissipate."); *S.E.C. v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) ("[S]tays in proceedings may result in prejudice because witnesses relocate, memories fade, and persons are unable to seek vindication or redress for indefinite periods of time on end.") (quoting *Connecticut ex rel. Blumenthal v. BPS Petroleum Distribs., Inc.*, 1991 WL 177657, at *2 (D. Conn. July 16, 1991)); Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the . . . speedy . . . determination of every action and proceeding."); Advisory Committee Notes to Fed. R. Civ. P. 1 ("[O]ver-use, misuse, and abuse of procedural tools that . . . result in delay" should be discouraged.).

Lacking good cause to delay discovery as the matter proceeds to judicial resolution, the request for a stay should be denied.

---

[3] Notably, "Defendant takes no position on the question of subject matter jurisdiction." Jt. Case Mgm't Conf. Stmt., Apr. 12, 2016 (ECF No 25), at 1.

Dated: April 6, 2016

Respectfully submitted,

/s/ L. Timothy Fisher
L. TIMOTHY FISHER (CA SBN 191626)
ltfisher@bursor.com
JULIA A. LUSTER (CA SBN 295031)
jluster@bursor.com
BURSOR & FISHER
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

SCOTT A. BURSOR (CA SBN 276006)
scott@bursor.com
BURSOR & FISHER
888 Seventh Avenue
New York, NY 10019
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

***Attorneys for Plaintiff***
**TAMARA FIELDS, et al.**

/s/ Seth P. Waxman
SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Telephone: (202) 663-6800
Facsimile: (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Defendant***
**TWITTER, INC.**

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2016, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: /s/ Seth P. Waxman
Seth P. Waxman

ATTORNEY ATTESTATION

I, Seth P. Waxman, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By: /s/ Seth P. Waxman
Seth P. Waxman